IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   5:25-CR-136 (BKS) |
| | ) | |
| v. | ) | |
| | ) | |
| **BRANDON MONTANARI,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## SENTENCING MEMORANDUM OF THE UNITED STATES

The Government seeks a guidelines term of imprisonment for Defendant Brandon Montanari, who abused his power as a correction officer and participated in a violent and unjustified assault on an inmate.

### I.   FACTUAL AND LEGAL BACKGROUND

On April 13, 2023, the Defendant, then employed by the New York State Department of Corrections and Community Supervision, was on duty overnight in Building 4 at Mid-State Prison in Marcy. PSR ¶ 6. An inmate, J.B. (hereinafter, the "victim"), was brought out of his housing unit for no justifiable reason around 1:00 a.m. *Id.* The victim was surrounded by the Defendant and three other corrections officers, among whom the Defendant was the most senior. *Id.* The Defendant and two of his fellow officers – Michael Williams and Rohail Khan – began punching and kicking the victim repeatedly, and Williams threw the victim to the ground. *Id.* ¶ 7. After collectively striking the victim approximately 15-20 times, the Defendant and his posse finished the assault. *Id.* Before being allowed to go back to bed, the victim was paraded in front of other inmates and forced to reveal that his offense of conviction involved child sex abuse. *Id.* ¶¶ 8-9.

The following day, another inmate assaulted the victim with a hard and heavy object (believed to be a lock in a sock). *Id.* ¶ 9. The victim was knocked unconscious and was sent to the

hospital. *Id.* He "reported a headache, dizziness, inability to open his left eyelid, pain, swelling, and blurry vision," as well as "a left eye contusion, a half-inch contusion with minimal swelling behind his left ear, and a one-inch laceration on the right side of his scalp," along with "pain in both biceps, both thighs, and both sides of his ribs." *Id.* ¶ 10.

DOCCS undertook an internal investigation of the incident, and the Defendant agreed with Williams and Khan to falsely deny any knowledge of or involvement in the assault on the victim. *Id.* ¶ 11.

## II.    APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

### A. Statutory Maximum Penalties

The defendant faces a maximum sentence of 10 years, PSR ¶ 59; a supervised release term of up to three years; *id.* ¶ 62; a fine of up to $250,000, *id.* ¶ 66; and a mandatory special assessment of $100, *id.* ¶ 67.

### B. Offense Level Computation

The Government agrees with the following offense level computation calculated in the PSR:

- Base Offense Level, U.S.S.G. § 2H1.1(a)(2):                12
- Commission of offense under color of law, § 2H1.1(b)(1)(B):   +6
- Vulnerable victim, § 3A1.1(b)(1):                          +2
- Obstruction of justice, § 3C1.1:                           +2
- Adjusted Offense Level:                                    22

PSR ¶¶ 18-23. After adjustments for acceptance of responsibility, which the Government anticipates the Defendant will receive, the total offense level would be 19. *Id.* ¶¶ 25-27.

### C. Criminal History Category

The government agrees that the defendant has no criminal history points, establishing a criminal history category of I. PSR ¶ 33.

### D. Guidelines Range

The advisory sentencing guidelines range for the offense is 30 to 37 months. PSR ¶ 60.

## III.  GOVERNMENT'S SENTENCING RECOMMENDATION

The Government seeks a guidelines imprisonment sentence of 30-37 months for the Defendant. Whether or not the assault was the Defendant's idea, he was the most senior of the assaulting officers and was in the best position to prevent it, stop it after it began, and report it after the fact. Instead, the Defendant participated in the assault and then lied about it. Not only was this assault vicious and criminal in the first instance, the assault and subsequent parading of the victim before his fellow inmates while forcing the victim to call out his crime of conviction functioned as a green light to the other inmates to attack the victim. Predictably, this led to an even more violent assault on the victim the following day, resulting in the victim's hospitalization.

While the Government understands that correction officers have difficult, stressful, and dangerous jobs, there is no excuse for the Defendant's behavior. The victim is lucky to have escaped without even more serious injuries. Even now, the Defendant has demonstrated minimal acceptance of responsibility. The Government is not asking this Court to withhold the three points, but the Defendant's account of the incident minimizes his role and is self-serving in multiple respects. He claims, for example, that it is common for a newly transferred inmate to be "brought into the hallway for questioning," PSR at 20. Even so, presumably such meetings do not occur in the middle of the night in front of four officers at once, three of whom were assigned to guard

other units. Further, the Defendant's explanation that he feared social consequences from his peers rings hollow in light of the egregiousness of his criminal conduct. *See id.*

### IV.   CONCLUSION

For the reasons described above, the Government respectfully urges this Court to impose a guidelines sentence of imprisonment, to be followed by a term of supervised release. In light of the Defendant's financial situation, the Government is not seeking a fine.

Respectfully submitted,

JOHN A. SARCONE III
Acting United States Attorney

/s/ Michael D. Gadarian
/s/ Michael F. Perry

By: _____

Michael D. Gadarian, Bar Roll No. 517198
Michael F. Perry, Bar Roll No. 518952
Assistant United States Attorneys